**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEVIN WATKINS and CATHERINE WATKINS, H/W | :<br>:<br>: |
| v. | : CASE NO.: 2:21-cv-01654 |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO | :<br>:<br>: |

**FIRST AMENDED COMPLAINT**

1. Plaintiffs, Kevin Watkins and Catherine Watkins are adult individuals and citizens and residents of the Commonwealth of Pennsylvania, residing therein at 2523 Tulip Street, Philadelphia, Pennsylvania.

2. Defendant, Government Employees Insurance Company a/k/a GEICO (hereinafter "GEICO"), is a corporation organized and existing under the laws of Maryland, with a principal place of business at 5260 Western Avenue, Chevy Chase, Maryland.

3. At all times relevant, Plaintiff, Kevin Watkins, controlled and operated an electric motor skateboard, which was involved in the motor vehicle accident hereinafter described.

4. At all times relevant, Plaintiffs, Kevin Watkins and Catherine Watkins were insured with GEICO under an automobile insurance policy, #4093-35-07-51, which provided for, among other things, uninsured motorist ("UM") coverage in the amount of $100,000.00 per person or $300,000.00 per accident. A true and correct copy of the relevant insurance policy, including the UM coverage endorsement, is attached hereto as Exhibit "A".

5. On or about October 7, 2020, Plaintiff, Kevin Watkins was traveling southbound on Kensington Avenue, at or near its intersection with Cumberland Street, in Philadelphia, Pennsylvania, when a motor vehicle owned by Andrea Day, which upon information and belief was being permissively operated by Shawn Day, disregarded Plaintiff's lawful position on the road and made a left turn in front of Plaintiff and struck Plaintiff's person, resulting in serious injuries which are hereinafter described.

6. At all times material herein, all insurance coverage otherwise applicable to both the owner and operation of the striking vehicle had lapsed, resulting in insurance carriers for both individuals denying coverage, and resulting in the tortfeasor's vehicle being "uninsured" within the meaning of the Pennsylvania Motor Vehicle Financial Responsibility Law.

7. As a direct result of the aforesaid negligence and carelessness of the owner and/or operator of the uninsured vehicle, Plaintiff Kevin Watkins sustained serious and painful injuries, including but not limited to: T6 & T7 crush fractures; left leg contusions and/or abrasions, requiring approximately four (4) stitches; right hip contusion; left wrist sprain; left middle finger knuckle fracture; and injuries to his bones, cells, muscles, tissues and nervous system, some or all of which may be permanent in nature.

8. As a further result, Plaintiff has been forced to expend various and diverse sums of money in an effort to treat and cure his injuries and ills and may be required to do so for an indefinite period of time into the future.

9. As a further result, Plaintiff has suffered and may in the future suffer mental anguish, emotional suffering and other economic and non-economic losses.

10. As a further result, Plaintiff has suffered an interference with his usual home and professional duties, chores, life's pleasures and opportunities and may continue to suffer such interference in the future.

11. Plaintiff was unable to engage in and perform his customary professional and work obligations for a significant period of time following the incident.

12. As a further result, Plaintiff has suffered and will continue to suffer a severe loss of earnings and/or impairment of earning capacity or power as a result of the injuries.

13. Plaintiff was required to wear a back brace for a certain period of time following the incident, given the nature and severity of his injuries.

14. The aforementioned injuries significantly restricted and/or impaired Plaintiff's mobility and affected his activities of daily living.

15. The pain, discomfort, limitations and impact from the crash-related injuries have caused a significant disruption to Plaintiffs' lives, some of which is ongoing.

## COUNT I – BREACH OF CONTRACT
## KEVIN WATKINS v. GEICO

15. Plaintiff hereby incorporates by reference the averments set forth in the preceding paragraphs as though the same were more fully set forth at length herein.

16. Both the owner and operator of the at-fault vehicle were uninsured, and third party coverage for this incident has been denied.

17. The aforesaid collision resulted solely from the negligence and carelessness of the uninsured tortfeasor, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

18. Plaintiff, Kevin Watkins, was at all times relevant hereto a party to a contract of insurance providing for uninsured motorist coverage issued by defendant GEICO.

19. Plaintiff is eligible for and entitled to uninsured motorist benefits under said contract as he is legally entitled to recover against the owner and/or operator of an uninsured motor vehicle.

20. Plaintiff has met and satisfied each and every condition set forth in said insurance policy which entitles him to the payment of uninsured motorist benefits.

21. To date, despite performance of all duties required on his part, the defendant insurer has failed and refused to make any reasonable offer of settlement with respect to its insured's claim for uninsured motorist coverage, and accordingly GEICO is in breach of its obligations and duties under said policy.

22. Any offer made by GEICO to date has not adequately taken into account the nature and severity of the injuries sustained by Plaintiff and the significant impact those injuries have had on Plaintiffs' lives, including Plaintiff's ability to perform his usual home and professional duties, chores, life's pleasures and opportunities.

WHEREFORE, Plaintiff KEVIN WATKINS demands judgment against Defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY a/k/a GEICO, for the full amount of his damages in an amount not in excess of $150,000.00, plus interest and costs of suit.

## **COUNT II – BREACH OF CONTRACT**

## **CATHERINE WATKINS v. DEFENDANT GEICO**

23. Plaintiff, Catherine Watkins, hereby incorporates by reference the foregoing paragraphs as though same were more fully set forth at length herein.

24. As a direct result of the negligence of Andrea Day, as aforementioned, and of the injuries to her husband as a result thereof, Plaintiff, Catherine Watkins, has been obliged to expend various sums of money for medical attention and care and for medicines in an attempt to cure her husband's injuries and she will be obliged to expend additional sums of money for the same purpose in the future.

25. As a further result of the foregoing, Plaintiff, Catherine Watkins, has been deprived of her husband's assistance, comfort, companionship, services and consortium and she will continue to be so deprived for an indefinite time into the future.

26. Catherine Watkins' consortium claim is compensable under the terms of the policy of insurance under which the instant UM claim is being made.

27. Plaintiff has met and satisfied each and every condition set forth in said insurance policy which entitles her to the payment of uninsured motorist benefits.

28. To date, despite performance of all duties required on her part, the defendant insurer has failed and refused to make any reasonable offer of settlement with respect to its insured's claim for uninsured motorist coverage, and accordingly GEICO is in breach of its obligations and duties under said policy.

WHEREFORE, Plaintiff, CATHERINE WATKINS, demands judgment against Defendant GEICO GENERAL INSURANCE COMPANY a/k/a GEICO in an amount not in excess of $150,000.00, plus interest and costs of suit.

FLAGER & ASSOCIATES, P.C.

BY: */s/ Michael S. Levin*
MICHAEL S. LEVIN
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a jury trial of twelve jurors.

FLAGER AND ASSOCIATES, P.C.

BY: */s/ Michael S. Levin*
MICHAEL S. LEVIN
Attorney for Plaintiffs